**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-6341**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GROVER CARROLL GIBSON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  David C. Norton, District Judge. (CR-99-102; CA-02-541-2)

———————————

Submitted:  October 3, 2003          Decided:  December 14, 2004

———————————

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Grover Carroll Gibson, Appellant Pro Se.  Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Grover Carroll Gibson appeals the district court's denial of his 28 U.S.C. § 2255 (2000) motion. The district court granted a certificate of appealability. On appeal, Gibson argues that he received ineffective assistance of counsel when his attorney failed to object to his offense level adjustment under U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(B) (1998) (adjustment based on the number of firearms involved in the offense). Specifically, Gibson asserts that, because he was permitted under North Carolina law to possess firearms in his home, see N.C. Gen. Stat. § 14-415.1(a) (Supp. 1998), the firearms recovered from his home could not be used to calculate the number of firearms involved in his offense. See USSG § 2K2.1, comment. (n.9) ("For purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were . . . unlawfully possessed.").

However, we find that any objection by counsel would have been futile. Federal law, 18 U.S.C. § 921(a)(20) (2000), does prevent federal prosecution for a felon in possession of a firearm when a state has restored a person's civil rights on the predicate felony. But when, as here, a state restricts a felon from possessing firearms in certain situations (e.g., outside of his home or business), 18 U.S.C. § 922(g) prohibits him from possessing any guns at all, even those permitted under state law. See United States v. Caron, 524 U.S. 308, 315-17 (1998). Thus, Gibson has

- 2 -

failed to make a prima facie showing that he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 688-89 (1984). We deny Gibson's motions for summary judgment and to appoint counsel. Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED